IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTIE YOAKUM,

                                                         OPINION AND ORDER

                Plaintiff,

                                                          22-cv-53-bbc

     v.

MADISON UNITED HEALTHCARE LINEN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Mattie Yoakum, appearing pro se, brings this lawsuit under Title VII of the Civil Rights Act of 1964, contending that her former employer, defendant Madison United Healthcare Linen in Madison, Wisconsin discriminated against her because of her race and retaliated against her when she complained about the discrimination. In an order entered February 15, 2022, I granted plaintiff leave to proceed solely on her retaliation claim, finding that the allegations of the complaint were insufficient to state a plausible claim that her employer subjected her to a hostile work environment or otherwise discriminated against her on account of her race. 2/15/22 Op. and Ord., dkt. # 5 . Plaintiff has now filed a letter in which she expands on her hostile environment claim, explaining that she kept her initial complaint short because of space limitations. Dkts. ## 10, 15. Although her letter is not written as a motion, I will construe it as a motion to amend her complaint, which I will grant.

Plaintiff's hostile environment claim is based on alleged harassment by one of her coworkers, a lead worker named Manu Raimger. In the original complaint, plaintiff alleged

1

two instances of abusive behavior by Raimger: (1) on July 17, 2019, while plaintiff was working on a gown-folding machine, Raimger came up to her, snatched a gown out of her hand, and yelled loudly in plaintiff's face that she needed to work faster; and (2) on August 28, Raimger called plaintiff a "black lazy nigger lady" after plaintiff told Raimger that two of the folding machines were jamming. In her proposed amended complaint, plaintiff adds the following:

- On July 24, 2019, Raimger dumped a bag of soiled linens on plaintiff's head;

- Raimger harassed plaintiff "each day [she] came to work;"

- Raimger "made a routine out of persistently attacking [plaintiff] on a daily [basis];"

- Raimger and a friend made fun of plaintiff behind her back;

- Raimger purposely made plaintiff clean up other employees' stations; and

- Raimger made plaintiff work all day on a machine that jammed.

These additional claims are not as plain or specific as they should be, but they are sufficient at this stage to allow the court to find that it is possible that Raimger's abusive conduct was sufficiently severe or pervasive to amount to an objectively abusive working environment. See Lapka v. Chertoff, 517 F.3d 974, 982 (7th Cir. 2008) (stating elements of a claim of a hostile environment. In addition, Rainger's use of a racial epithet supports a plausible inference that her treatment of plaintiff was based on plaintiff's race. Finally, plaintiff's allegation that she complained to her supervisor and the human resources manager

about Raimger's conduct is sufficient to support the possibility that plaintiff's employer is liable for the abusive working environment. Paschall v. Tube Processing Corp., 28 F.4th 805, 813 (7th Cir. 2022) (employer can be liable for coworker harassment if the employee shows that employer was negligent either in discovering or remedying the harassment).

In addition to expanding on her original complaint, plaintiff's letter explains that she might need an "extension" because she has not been able to find a lawyer to take her case. Plaintiff can address these concerns with the magistrate judge at the pretrial conference that will be held on May 20, 2022 at 2:30 p.m.

## ORDER

IT IS ORDERED that

1. Plaintiff's letter to the court (dkts. ## 10, 15) is construed as a motion to amend her complaint.

2. Plaintiff's motion to amend her complaint is GRANTED with respect to her hostile environment claim. It is DENIED as to any other claim.

Entered this 18th day of May, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge