# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

February 20, 2024

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before
DIANE S. SYKES, *Chief Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 23-2361 | MATTIE YOAKUM,<br>　　　　　Plaintiff - Appellant<br><br>v.<br><br>MADISON UNITED HEALTHCARE LINEN,<br>　　　　　Defendant - Appellee |
| **Originating Case Information:** ||
| District Court No: 3:22-cv-00053-wmc<br>Western District of Wisconsin<br>District Judge William M. Conley ||

The following are before the court:

1. **MOTION TO DISMISS**, filed on January 23, 2024, by counsel for the appellee.

2. **RESPONSE TO MOTION TO DISMISS**, filed on February 12, 2024, by the pro se appellant.

We have carefully reviewed appellant Mattie Yoakum's opening brief, filed on January 3, 2024, her response to appellee's motion, and the record on appeal. Based on this review, we conclude that further briefing would not be useful to the court. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992). The district court granted Madison United Healthcare Linen's motion for summary judgment because Yoakum failed to show that the conditions of her employment constituted a hostile work environment and Madison took remedial action, and because Yoakum did not present evidence from which a jury could reasonably infer that she would not

No. 23-2361 Page 2

have been fired absent her complaint to human resources. In her brief, Yoakum generally challenges this ruling but does not provide any meaningful basis for disturbing the judgment. *See* FED. R. APP. P. 28(a)(8) (brief must contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). We recognize that Yoakum is representing herself on appeal, but even self-represented parties must comply with Rule 28(a). *See Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). Accordingly,

**IT IS ORDERED** that the appellee's motion is **GRANTED a**nd this appeal is **DISMISSED.**

form name: **c7_Order_3J**    (form ID: **177**)